UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| NICOLE WHITE, individually and on behalf of all others similarly situated,<br><br>                                Plaintiff,<br><br><br><br><br>   -v.-<br><br>DIVERSIFIED CONSULTANTS, INC.,<br>PINNACLE CREDIT SERVICES, LLC and<br>JOHN DOES 1-25<br><br>                              Defendant. | Civil Action No:<br>_____<br><br>**CLASS ACTION<br>COMPLAINT**<br><br>**DEMAND FOR JURY<br>TRIAL** |

Plaintiff Nicole White (hereinafter, "Plaintiff" or "White"), a Florida resident, brings

this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC,

against Defendant Diversified Consultants, Inc. (hereinafter "Defendant Diversified")

and Defendant Pinnacle Credit Services, LLC (hereinafter "Defendant Pinnacle"),

individually and on behalf of a class of all others similarly situated, pursuant to Rule

23 of the Federal Rules of Civil Procedure, based upon information and belief of

Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## **INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 15 U.S.C.

§ 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the

State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C.

§ 1391(b)(2), as this is where a substantial part of the events or omissions giving

rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Florida consumers

under §1692 et seq. of Title 15 of the United States Code, commonly referred to

as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Florida, County of Leon, residing at

405 Bayhead Drive, Apt. 103, Tallahassee, FL 32304.

8.      Defendant Diversified Consultants, Inc. is a "debt collector" as the

phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address

at 10550 Deerwood Park Blvd, Suite 309, Jacksonville, FL 32256.

9.     Upon information and belief, Defendant Diversified is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Pinnacle is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 300B High St., Jefferson City, MO 65101-3213 .

11.     Upon information and belief, Defendant Pinnacle is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

   a.  all individual in the State of Florida;

   b.  to whom Defendant Diversified sent an initial collection letter attempting to collect a consumer debt;

   c.  whose letter states that Defendant Pinnacle will not sue the consumer;

d. without clearly stating that the consumer could no longer be sued by any party;

e. Additionally, the letter fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment;

f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

18.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a.  **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

      b.  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and §1692g.

      c.  **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have

claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an

individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.     Some time prior to December 24, 2017, an obligation was allegedly incurred to Verizon Wireless by the Plaintiff.

24.     The Verizon Wireless obligation arose out of a transaction for personal cellular phone services in which money, property, insurance or services, the subject of the transaction, were primarily for personal, family or household purposes.

25.     The alleged Verizon Wireless obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.     Due to her financial constraints, Plaintiff could not pay the alleged debt, and it went into default.

27.     Sometime thereafter, Defendant Pinnacle purportedly purchased the alleged debt.

28.     Defendant Pinnacle is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

29.     Defendant Pinnacle, a subsequent owner of the Verizon Wireless debt, contracted with the Defendant Diversified to collect the alleged debt.

30.     Defendant Diversified collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

31.     Defendant Diversified is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

*Violation – December 24, 2017 Collection Letter*

32.     On or about December 24, 2017, Defendant Diversified sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Defendant Pinnacle. **See Letter at Exhibit A**.

33.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

        (1) the amount of the debt;

        (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt

of the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing

within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a copy

of the judgment against the consumer and a copy of such verification or

judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the

thirty-day period, the debt collector will provide the consumer with the

name and address of the original creditor, if different from the current

creditor. 15 U.S.C. § 1692g(a).

34.     The FDCPA further provides that "if the consumer notifies the debt

collector in writing within the thirty day period . . . that the debt, or any portion

thereof, is disputed . . . the debt collector shall cease collection . . . until the debt

collector obtains verification of the debt . . . and a copy of such verification is

mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

35.     Although a collection letter may track the statutory language, "the

collector nevertheless violates the Act if it conveys that information in a

confusing or contradictory fashion so as to cloud the required message with

uncertainty." <u>Russell v. EQUIFAX A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) ("It is

not enough for a debt collection agency to simply include the proper debt

validation notice in a mailing to a consumer-- Congress intended that such notice

be clearly conveyed."). Put differently, a notice containing "language that

'overshadows or contradicts' other language informing a consumer of her

rights . . . violates the Act." <u>Russell</u>, 74 F.3d at 34.

36.     The very bottom of the Collection Letter states in part: "The law limits

how long you can be sued on a debt. Because of the age of your debt, Pinnacle

Credit Services, LLC will not sue you for it…"

37.     The alleged debt is time-barred, meaning that Defendant Pinnacle cannot

sue Plaintiff.

38.     The Letter implies that Defendant Pinnacle has chosen not to sue ("will

not sue you"), instead of the true fact that neither Defendant Pinnacle, nor

Defendant Diversified, nor any subsequent creditor/collector can file a lawsuit.

39.     The statement contained in Defendant Diversified's letter is materially

deceptive to the unsophisticated consumer, who would believe that Defendant

Pinnacle or a subsequent creditor has the option to change its mind should he/she

not pay the alleged debt.

40.     Moreover, the Collection Letter is completely silent as to the rights of

the debt collector, Defendant Diversified, to file a lawsuit against the consumer.

41.     Finally, the Collection Letter is materially deceptive as it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment by Plaintiff.

42.     These deceptive and misleading statements and material omissions by both Defendant Pinnacle and Defendant Diversified overshadow the "g-notice" language contained in the letter, since they fail to clearly state the legal status of the debt and potential ramifications for not paying.

43.     Furthermore, Defendants made deceptive and misleading representations when they communicated to Plaintiff that Defendant Pinnacle was opting not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

44.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

45.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46.     Defendants' debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15

U.S.C. § 1692e.

47.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection

of any debt.

48.     Defendants made deceptive and misleading representations when they

communicated to Plaintiff that Defendant Pinnacle was choosing not to sue

Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation

of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

49.     By reason thereof, Defendants are liable to Plaintiff for judgment that

Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual

damages, statutory damages, costs and attorneys' fees.


## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
### ACT 15 U.S.C. §1692g *et seq.*

50.     Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs above herein with the same force and effect as if the same were set

forth at length herein.

51.     Defendants' debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15

U.S.C. § 1692g.

52.     Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in

connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the

consumer has paid the debt, send the consumer a written notice containing –

> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after
>    receipt of the notice, disputes the validity of the debt, or any
>    portion thereof, the debt will be assumed to be valid by the
>    debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in
>    writing within thirty-day period that the debt, or any portion
>    thereof, is disputed, the debt collector will obtain verification
>    of the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53.   Defendants violated 15 U.S.C. §1692g by failing to clearly and adequately inform the consumer as to the true legal status of the debt and potential ramifications resulting from non-payment.

54.   Such a material omission overshadows the "g-notice" contained in the letter.

55.   By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

56.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nicole White, individually and on behalf of all others similarly situated, demands judgment from Defendant Diversified Consultants, Inc. and Defendant Pinnacle Credit Services, LLC, as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:      July 6, 2018                           Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan St, Ste 310
Hollywood, FL 33021
Tel:  (754) 217-3084
Fax:  (954) 272-7807
justin@zeiglaw.com

*Counsel for Plaintiff*
*Nicole White*

17